Hancock *et al. v.* Hodgson.

---

JOHN HANCOCK *et al.*, appellants, *v.* DANIEL HODGSON, executor of Daniel Milnor, deceased, appellee.

*Appeal from Tazewell.*

A note given as collateral security for a preëxisting debt, is founded upon a valid consideration.

An agreement to postpone the sale of mortgaged premises for four months, after an order or decree of sale, is a good consideration for a promissory note from a party claiming the premises, and his sureties; and a plea to an action on such note, alleging such consideration, and that the plaintiff, subsequently to the date of the note, sold the premises, under the decree, to other persons, is bad on demurrer.

Hancock *et al. v.* Hodgson.

The defence of usury is in the nature of a penal action, and much strictness is re-
quired in pleading it. Such a plea should state specifically, the amount forborne,
the time of forbearance, and how much was paid, or agreed to be paid, by way of
interest, for the forbearance, so that the court could determine, from the face of
the plea, the amount to be paid to the defendant, and to the country.
To constitute usury, there must be a borrowing and lending of money, or the for-
bearance of a preëxisting debt.
It is not usury to take $1000 in consideration of postponing a sale of mortgaged
premises, for four months, which had been ordered to be sold by decree in chan-
cery, upon foreclosure of mortgage, to raise the sum of $4644.87.
Where a note was given in consideration of the postponement of the sale of mort-
gaged premises, for four months, and as collateral security for the mortgage debt,
under an agreement that if the debt should be paid before that time, or if the pre-
mises should sell for an amount sufficient to pay the debt and costs, the note should
be void; and, in the the event of a sale for a less sum, only so much of the note
should be collected, as would make up the deficiency: *Held,* that in an action on
the note, if the land was sold, and by reason of the sale, no part, or only a portion
of the note ought to be collected, it was the duty of the defendant to show it by
way of defence; otherwise the plaintiff would be entitled to recover the amount of
the note.

THIS cause was heard in the Court below, before the Hon.
Samuel H. Treat. The defendants appealed to this Court.

J. B. THOMAS, (A. LINCOLN,) and S. T. LOGAN, for the appel-
lants.

(E. D. BAKER) and A. T. BLEDSOE, for the appellee, cited 1
Saund. (B) 295, 317 ; Steph. Plead. 492 ; Hardin 175 ; Bac.
Abr., title Usury, letter K.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *assumpsit,* instituted in the Tazewell
Circuit Court, by Hodgson, the appellee, as executor of Milnor,
against John Hancock, Peter Menard, Benjamin Greely, and Ben-
jamin Briggs, the appellants, on a note made by the appellants to
the appellee, dated the 31st of July, 1840, for $1000, payable in
twelve months, with interest after maturity, at the rate of twelve
per centum per annum. The declaration contains a special count
on the note, and the common money counts. The defendants
pleaded six pleas. First, *non assumpsit* to the whole declaration;
second, to the first count, that the note was made and executed
without any good or valuable consideration. Issues were had on
these pleas. The third plea avers that the note was made and
executed for the following consideration, and no other: that the
plaintiff, at the date of the note, had a final decree for foreclosure
on certain real estate mortgaged by one Perkins to Milnor, the tes-
tator, and to which the defendant Hancock claimed to have some
title, and the real estate had been advertised to be sold for cash,
on the day of the date of the note, and thereupon, in considera-
tion that the plaintiff agreed to postpone the sale, for four months,
the defendant Hancock gave the note, with the other defendants,
as his sureties, as collateral security for the payment of the amount
secured by the mortgage ; and therefore the note was executed
without any good or valuable consideration.

Hancock *et al. v.* Hodgson.

The fourth plea avers that the note was made on the following consideration: the plaintiff, at the May term, 1840, of the Tazewell Circuit Court, obtained a decree of foreclosure of mortgage against H. H. Perkins, M. A. Perkins, and the defendant Hancock, and an order for the sale of the mortgaged premises, to satisfy and pay the sum of $4644.87, the amount due on the mortgage, and the mortgaged premises had been advertised to be sold on the day of the date of the note, and the defendant Hancock having purchased the mortgaged premises of Perkins, the mortgagor, and paid therefor the sum of $3000, agreed with the plaintiff, that he would pay him the sum of $1000, in consideration that the plaintiff would delay the sale under the decree, for four months, and in consideration of that agreement of the plaintiff, the defendants made the note ; and therefore the note was made without any good or valuable consideration.

The fifth plea is similar to the fourth, with the additional averment, that the plaintiff, subsequent to the date of the note, had the mortgaged premises sold under the decree, and the legatees of Milnor became the purchasers, and thereby acquired paramount title to the land ; wherefore the consideration has failed, to the amount of $999.

The sixth plea avers that, on the thirty-first day of July, 1840, it was corruptly, and against the form of the statute, agreed by and between the plaintiff and the defendant Hancock, that in consideration the said plaintiff would postpone for four months the sale of certain real estate, mortgaged by H. H. Perkins to Milnor, and to which the defendant Hancock claimed title, which real estate had been advertised to be sold on the thirty-first day of July, 1840, under a decree of foreclosure, in favor of the plaintiff, against Perkins, the mortgagor, and the defendant Hancock, for the sum of $4644.87 rendered at the March term, 1840, of the Tazewell Circuit Court, the said defendant Hancock would pay the plaintiff the sum of $1000 in —— months ; and, in pursuance and part performance of said corrupt and unlawful agreement, the defendant Hancock, as principal, and the other defendants, as sureties, made and executed the note, which the defendant Hancock delivered to the plaintiff, and the plaintiff accepted the same ; and the sum of $1000, so agreed and secured to be paid for such forbearance, exceeds the rate of twelve dollars for the forbearance of one hundred dollars for one year, contrary to the statute, whereby the defendant is entitled to his costs, and the plaintiff has forfeited, &c.; which the defendant is ready to verify wherefore, &c.

The plaintiff demurred to the third, fourth, fifth, and sixth pleas, and the Court sustained the demurrer. By agreement of the parties, the cause was tried by the Court. The bill of exceptions shows, that after the plaintiff had read in evidence the note sued on, the defendants, in support of their pleas, proved that the note was executed for the consideration specified in the memorandum of

Edward Jones, Esq., the plaintiff's attorney, made by him at the time of making the note, in the words following :

" *Tremont, July* 31*st*, 1840.

Whereas, John Hancock has this day executed his note with Peter Menard, Benj. Greely, and Benj. Briggs, to the executor of Daniel Milnor, for the sum of one thousand dollars, now the consideration of said note is as follows : The said executor has a final decree for foreclosure on certain real estate, mortgaged by H. H. Perkins to the said Daniel Milnor, and to which the said Hancock claims to have some title, and said real estate has been advertised to be sold for cash in hand on this day ; now, in consideration that said sale shall be postponed four months, the said Hancock has given his said note, with the others, as collateral security, for the payment of the amount secured by said mortgage, upon said real estate. And it is expressly understood, that if the said Hancock shall pay off the said mortgage in the said four months, or if the said land, when offered for sale, shall sell for the whole amount of debt and costs, then said note shall be void ; and that only so much of said note shall be collected, as the said mortgaged premises upon sale shall fail to bring."

The Court found the issues for the plaintiff, and assessed his damages to $1017.83, and rendered judgment for that amount. The defendants prosecute an appeal to this Court. Their first assignment of error questions the correctness of the decision of the Court, in sustaining the plaintiff's demurrer to the defendants' third, fourth, fifth, and sixth pleas.

The third plea is evidently bad ; it shows that the note was given as collateral security for the payment of a preëxisting debt, which Hancock, the principal, was interested in having discharged. There can be no doubt that this was a good consideration.

The fourth plea is also bad; it shows that the plaintiff had a mortgage on land which Hancock had purchased after the execution of the mortgage, and, of course, purchased subject to the payment of the debt secured to be paid by the mortgage. By the final decree of foreclosure, and notice of sale, the plaintiff had the immediate right of selling the mortgaged premises, and thereby of receiving so much of his debt as could be realized from the sale. In postponing the execution of the decree to a distant period, the plaintiff would be prejudiced in not receiving his debt, and he might be injured by a depreciation in the value of the property pledged, and thus the ultimate collection of some part of the debt hazarded. The defendant would be benefited in having a further opportunity to discharge the debt, and in the receipt of the rents and profits of the mortgaged premises, until the expiration of the four months. This plea, therefore, shows a sufficient consideration to support the promise.

The fifth plea is liable to the same objection as the fourth. It

alleges, however, in addition, that the plaintiff did proceed and execute the decree, by which other persons acquired a paramount title to the land. But it does not state at what time the decree was executed. In the absence of any averment as to the time, it is to be presumed, that the plaintiff complied with his part of the agreement, and did not sell the land until after the expiration of the four months. Hancock failing to discharge the mortgage debt, within the time limited by the agreement, the plaintiff had an undoubted right to proceed with the execution of the decree, and the defendants cannot complain of the exercise of the right. This plea, then, shows no failure of consideration.

The sixth plea sets up the defence of usury. This defence is given by the third section of the "*Act to regulate the interest of money,*" (1) which provides, that in any action brought on any contract or assurance, for the payment of money, or any other thing, if it shall appear by the pleading on the case, and on the application of the defendant, that a greater rate of interest than twelve per centum per annum, shall have been reserved, discounted, or taken, the defendant shall recover his costs, and the plaintiff shall forfeit three fold the amount of the whole interest, one third of which shall be paid to the defendants, and the remaining two-thirds shall be paid into the county treasury. This defence is in the nature of a penal action, and much strictness is required in pleading it. The plea should show clearly that the defence comes within the statute. To constitute usury, there must be a borrowing and lending of money, or the forbearance of a preëxisting debt. This plea shows no lending of money by the plaintiff to the defendant, nor does it show a forbearance of a preëxisting indebtedness. The agreement to postpone the sale of the mortgaged premises is not necessarily a forbearance of the debt required to be paid by the decree of foreclosure. The plaintiff was at liberty to proceed and collect his debt in any other mode than under the decree. He may have had a judgment at law, and the agreement would not prevent him from collecting it by execution.

The plea does not allege that the note was given for interest upon the debt, and it is perfectly consistent with its allegations, to conclude that the sale was postponed in consideration of a payment of $1000, to be credited as a payment of so much of the debt. Indeed, this seems to be the most reasonable conclusion, from the facts set out in the plea. We think the plea should state specifically, the amount forborne, the time of forbearance, and how much was paid, or agreed to be paid, by way of interest, for the forbearance, so that the Court could determine, from the face of the plea, the amount to be paid to the defendant, and to the county. We are, therefore, of the opinion the Court decided correctly in sustaining the demurrer to this plea.

(1) R. L. 349; Gale's Stat. 343.

The second assignment of error is that the Court erred in rendering judgment for the plaintiff. The evidence shows that the note was given in consideration of the postponement of the sale for four months, and as collateral security for the payment of the amount ascertained to be due by the decree, which Hancock was interested in having paid. If the debt was paid within that time, or if the mortgaged premises when exposed to sale should sell for an amount sufficient to pay the debt and costs, the note was to be void; in the event of a sale for a less amount, only so much of the note was to be collected, as would make up the deficiency. It does not appear from the evidence, whether the land was sold, or not. If sold, and by reason of the sale, no part, or only a portion of the note was to be collected, it was the duty of the defendants to have shown it, by way of defence. No such proof appearing, we are to presume that the defendants had no defence on that score. The plaintiff was therefore entitled to recover on the issue presented by the plea of *non assumpsit.*

The plaintiff was entitled to judgment on the issue made by the second plea, as we have already shown, in deciding upon the goodness of the third and fourth pleas.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*